# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT HOLLAND,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>C. SCHUYLER, et al.,<br><br>　　　　　Defendants. | 1:16-cv-01271-DAD-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (ECF No. 10.) |

**I.　BACKGROUND**

　　This is a civil action filed by Everett Holland ("Plaintiff"), a state prisoner proceeding pro se.  This action was initiated by civil complaint filed by Plaintiff in the Kern County Superior Court on September 29, 2015 (Case #BCV 15 101147 DRL).  On August 26, 2016, defendants Esmond, Haak, Hunley, Maciejewski, and Schuyler removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(c).  (ECF No. 1.)

　　On December 27, 2016, Plaintiff filed a request for entry of default against defendants Schuyler, Esmond, Haak, Hunley, Maciejewski, and Doe.  (ECF No. 10.)

## II. ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

### Plaintiff's Request

Plaintiff requests entry of default against defendants Schuyler, Esmond, Haak, Hunley, Maciejewski, and Doe, asserting that on July 27, 2016, he served copies of the summons and complaint on these defendants at the California Correctional Institution at Tehachapi, California and to date, none of these defendants have answered the complaint.

### Discussion

The record in this action shows that on February 24, 2017, the court granted defendants Esmond, Haak, Hunley, Maciejewski, and Schuyler[1] an extension of time until thirty days from the date of service of the court's screening order in which to file a response to the complaint. (ECF No. 11.) To date, the court has not issued a screening order in this case, and therefore, Defendants' answer is not overdue. Accordingly, none of the defendants are in default under Rule 55(a), and Plaintiff's request for entry of default must be denied.

///

///

---

[1] As for the Doe defendant, Plaintiff shows no evidence that he or she has been served with process or joined in the removal of this case.

2

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against defendants  Esmond, Haak, Hunley, Maciejewski, and Schuyler, and Doe, filed on December 27, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **July 28, 2017**                              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE