| | |
|---|---|
| EVERETT HOLLAND,<br><br>        Plaintiff,<br><br>vs.<br><br>C. SCHUYLER, et al.,<br><br>        Defendants. | 1:16-cv-01271-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 20.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I. BACKGROUND

Everett Holland ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case was initiated by a Complaint filed in Kern County Superior Court on September 29, 2015, case BCV-15-010047-DRL. On August 26, 2016, the case was removed to federal court pursuant to 28 U.S.C. § 1441(a) by defendants Sergeant R. Esmond, Associate Warden T. Haak, Correctional Officer (C/O) Hunley, C/O Maciejewski, and Associate Warden C. Schuyler. (ECF No. 1.)

On August 22, 2017, the court screened the Complaint under 28 U.S.C. § 1915A and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 13.) On November 20, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 20.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California. The events at issue in the First Amended Complaint allegedly occurred at California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Sergeant (Sgt.) R. Esmond, Associate Warden T. Haak, Correctional

///

Officer (C/O) Hunley, C/O Maciejewski, Chief Deputy Warden C. Schuyler, and C/O Doe #1 (Investigative Employee), who were employed at CCI during the relevant time period.

Plaintiff's allegations follow. On February 1, 2015, Plaintiff was placed in administrative segregation (Ad-Seg) by defendant Sergeant R. Esmond after refusing to provide him with information concerning an assault in a prison dayroom. Plaintiff indicated that he had no information to provide. Defendant Esmond indicated that "since you won't tell me anything you're getting off my yard." (ECF No. 20 at 3 ¶IV.)[1] Subsequently, in order to justify his actions, defendant Esmond had defendant C/O Maciejewski falsify a CDCR 115 disciplinary infraction. Defendant Maciejewski indicated that Plaintiff was discovered with a cut on his hand, which was false and was refuted by R.N. Cay [not a defendant]. R.N. Cay immediately examined Plaintiff's hands after the alleged incident.

An Investigative Employee (I.E.) was assigned to investigate the incident for the Hearing Officers. The investigation was a subterfuge, as shown when the I.E. contacted Plaintiff ostensibly to gather evidence and then falsified the report, indicating that a Staff Assistant was present to witness the interview per policy. Plaintiff was never contacted by a Staff Assistant although one was appointed. Defendant C/O Doe's report in no way conformed with what had transpired during his contact with Plaintiff. In fact, Plaintiff offered defendant Doe his written statement which he discarded.

Plaintiff contacted CCI Counselor Roberts [not a defendant] about the falsification, using a Form 22 Inmate Request. She (Roberts) was unresponsive. Plaintiff then contacted Chief Deputy Warden Gutierrez, who also was unresponsive. Only after contacting CDCR Ombudsman Karin Ritcher [not a defendant] was the issue investigated. Ritcher confirmed that the documents were falsified and notified the administration. Rather than address the misconduct, defendant Deputy Warden Haak ordered the CDCR 115 reissued and reheard. It had never been heard to begin with. Defendant Haak falsely claimed that he was doing so

---

[1] All page numbers cited herein are those assigned by the court's CM/ECF system and not based on Plaintiff's pagination of his Complaint.

because no Staff Assistant had been assigned. Defendant Haak was aware this was false as Plaintiff had informed him.

Defendant C/O Hunley served Plaintiff a second CDCR 115 and threatened Plaintiff with prosecution if he went forward with the process. A third CDCR 115 was issued, again under false pretext. The ombudsman referred the case to the Office of Internal affairs, which also investigated and confirmed that the documents were falsified. The administration covered it up. Defendant Chief Deputy Warden Schuyler was aware of the misconduct because Plaintiff had contacted him. Defendant Schuyler used the pretext of affording Plaintiff due process to cover up the violations. Defendant Schuyler was aware that the reason he cited for the third reissue was false as Plaintiff had told him.

Plaintiff was placed in Administrative Segregation (solitary confinement) for no purpose but to coerce and intimidate him. Defendants acted with malice and reckless disregard under color of authority when they violated Plaintiff's rights, and in conspiracy when they falsified documents to create the false impression that Plaintiff had committed wrongdoing. This is a pattern and practice at CCI.

Plaintiff requests monetary damages and costs of suit.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012);

Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Due Process – Administrative Segregation

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v.

Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff alleges that he was placed in Administrative Segregation (solitary confinement) and in a hostile environment for no reason but to intimidate him because the charges against him were false. These allegations do not rise to the level of an atypical and significant hardship to establish the existence of a protected liberty interest in remaining free from Ad-Seg. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir. 1996). Plaintiff has not alleged how long he was detained in Ad-Seg or that conditions there were adverse. It is true that "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone." Chappell v. Mandeville 706 F.3d 1052, 1061 (9th Cir. 2013) (citing Wilson v. Seiter, 501 U.S. 294, 304, 111 S.Ct. 2321 (1991)). But this only applies when the conditions "have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise — for example, a low cell temperature at night combined with a failure to issue blankets." Chappell at 1061. Plaintiff has not alleged the deprivation of any such need here. Moreover, Plaintiff does not allege any specific injury caused by

conditions in Ad-Seg. The fact that conditions in Ad-Seg do not mimic those afforded the general population, this alone does not trigger due process concerns. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on detention in Ad-Seg.

### B. Due Process -- False Disciplinary Report

Plaintiff alleges that was charged with a false disciplinary violation at CCI, and that Defendants knew the charges against him were false. These allegations, even if true, do not raise a constitutional claim because there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against being falsely accused of a disciplinary violation.

### C. Threats

Plaintiff alleges that C/O Hunley threatened Plaintiff with prosecution by the District Attorney. Plaintiff is informed that verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); accord Keenan, 83 F.3d at 1092, and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, Plaintiff fails to state a claim based on verbal harassment or threats.

///

### D. Tom Bane Civil Rights Act and California State Constitution

Plaintiff claims violations under the Tom Bane Civil Rights Act, California Civil Code § 52.1, and the California state constitution. Plaintiff is informed that violation of state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in Plaintiff's First Amended Complaint. Therefore, Plaintiff's claims under the Tom Bane Civil Rights Act and the California state constitution fail.

### E. Conspiracy

Plaintiff alleges that Defendants acted in conspiracy when they falsified documents to create the false impression that Plaintiff had committed wrongdoing.

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share

the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the allegation that Defendants entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a claim for conspiracy.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 11, 2018**         **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE