UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT HOLLAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. SCHUYLER, et al.,<br><br>　　　　Defendants. | No. 1:16-cv-01271-DAD-GSA<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 24) |

Plaintiff Everett Holland is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2016, defendants removed this case from Kern County Superior Court. (Doc. No. 1.) On August 22, 2017, the assigned magistrate judge screened the complaint and dismissed it for failure to state a claim with leave to amend. (Doc. No. 13.) On November 20, 2017, plaintiff filed his first amended complaint. (Doc. No. 20 ("FAC").) On February 12, 2018, the magistrate judge screened plaintiff's FAC and issued findings and recommendations, recommending that this action be dismissed with prejudice due to plaintiff's failure to state a cognizable § 1983 claim. (Doc. No. 24.) The findings and recommendations were served on plaintiff and contained notice that objections thereto were to be filed within fourteen days. (*Id.*)

1

On March 5, 2018, plaintiff filed objections to the findings and recommendations. (Doc. No. 25.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court declines to adopt the findings and recommendations.

In his FAC, plaintiff alleges as follows. On February 1, 2015, plaintiff was placed in administrative segregation by defendant Esmond after plaintiff stated that he did not have information to provide concerning prison officials' investigation into an assault. (*See* Doc. No. 24 at 3.) To justify plaintiff's placement in administrative segregation, which was actually motivated by plaintiff's failure to provide information helpful to prison official's investigation of an assault, defendant Esmond directed defendant Maciejewski to falsify a CDCR 115 disciplinary charge alleging that plaintiff was discovered with a cut on his hand. (*Id.*) Plaintiff submitted a Form 22 inmate request notifying prison authorities that the CDCR 115 disciplinary charge was false. (*Id.*) Plaintiff contacted CDCR ombudsman Karin Ritcher, who confirmed that the documents were falsified and so notified the prison administration. (*Id.*) Defendant Hunley then served plaintiff with a second CDCR 115 disciplinary charge and threatened him with prosecution if plaintiff went forward with his complaint regarding the false disciplinary charge. (*Id.*) A third CDCR 115 disciplinary charge was issued to plaintiff, again under false pretext. (*Id.*) Plaintiff alleges that defendants knew that the disciplinary charges leveled against him were based upon false allegations. (*Id.*)

The findings and recommendations pending before the court concluded that: 1) plaintiff did not state a cognizable due process claim concerning his placement in administrative segregation; 2) plaintiff did not state a cognizable due process claim in connection with the allegedly false prison disciplinary charges; 3) defendants' threats of prosecution if he pursued his complaints did not rise to the level of a constitutional violation; 4) plaintiff did not state a cognizable conspiracy claim of under § 1983; and 5) given that plaintiff had failed to state any cognizable claim under § 1983, the court should decline to exercise supplemental jurisdiction over plaintiff's Bane Act (California Civil Code § 52.1) claim. (*See* Doc. No. 24.)

However, neither the pending findings and recommendations (Doc. No. 24) nor the prior

screening order (Doc. No. 13), addressed whether plaintiff had alleged a cognizable First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). *Accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). The adverse action need not be an independent constitutional harm, and the "mere *threat* of harm can be an adverse action." *Watison*, 668 F.3d at 1114.

In a case where the plaintiff is proceeding *pro se*, the court has an obligation to construe the pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted); *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017). However, the court's liberal interpretation of a *pro se* complaint may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff alleges in his FAC that he was served with additional CDCR 115 prison disciplinary charges after he complained about being placed in administrative segregation without justification. (Doc. No. 24 at 4.) Additionally, in his objections to the pending findings and recommendations, plaintiff again contends that defendants threatened him with criminal prosecution if he persisted with his complaints. (Doc. No. 25 at 3.) Such threats would appear to be of a type that "would have chilled or silenced a person of ordinary firmness by alleging more than minimal harms . . .." *Watison*, 668 F.3d at 1115. Further, plaintiff alleged in his FAC that the allegations in the prison disciplinary charges issued against him were false. (Doc. No. 20 at 4–6.) It is reasonable to infer from those allegations, if proven, that the bringing of the disciplinary charges against plaintiff did not serve a legitimate penological purpose.

/////

| | |
|---|---|
| 1 | The undersigned will refer the matter back to the magistrate judge for further screening of |
| 2 | the FAC to assess whether plaintiff has states a cognizable claim for retaliation in violation of the |
| 3 | First Amendment and, if not, whether plaintiff should be granted further leave to amend to |
| 4 | attempt to state such a claim. |

Accordingly,

1. The undersigned declines to adopt the February 12, 2018 findings and recommendations (Doc. No. 24); and
2. This action is referred back to the magistrate judge for further screening in accordance with this order.

IT IS SO ORDERED.

Dated: **November 7, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE