UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT HOLLAND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C. SCHUYLER, et al.,<br><br>　　　　Defendants. | 1:16-cv-01271-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

Everett Holland ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case was initiated by a Complaint filed in Kern County Superior Court on September 29, 2015, case BCV-15-010047-DRL. On August 26, 2016, the case was removed to federal court pursuant to 28 U.S.C. § 1441(a) by defendants Sergeant R. Esmond, Associate Warden T. Haak, Correctional Officer (C/O) Hunley, C/O Maciejewski, and Associate Warden C. Schuyler. (ECF No. 1.)

On August 22, 2017, the court screened the Complaint under 28 U.S.C. § 1915A and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 13.) On November 20, 2017, Plaintiff filed the First Amended Complaint. (ECF No. 20.)

On February 12, 2018, the court screened the First Amended Complaint and entered findings and recommendations to dismiss the case, with prejudice, for failure to state a claim. (ECF No. 24.) On November 8, 2018, the district judge declined to adopt the findings and recommendations and referred the case back to the Magistrate Judge for further screening to assess whether Plaintiff has stated a retaliation claim and if not, whether Plaintiff should be granted further leave to amend to attempt to state such a claim. (ECF No. 26.)

1

On May 10, 2019, the court conducted a supplemental screening of the First Amended Complaint, finding that Plaintiff failed to state a cognizable claim for retaliation. (ECF No. 27.) The court issued an order dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Id.) Plaintiff was granted thirty days in which to file a Second Amended Complaint curing the deficiencies found by the court. (Id.)

The thirty-day time period has now expired and Plaintiff has not filed a Second Amended Complaint or otherwise responded to the court's screening order. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this case be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __July 7, 2019__          __/s/ Gary S. Austin__
                                 UNITED STATES MAGISTRATE JUDGE