UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT HOLLAND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C. SCHUYLER, et al.,<br><br>　　　　Defendants. | 1:16-cv-01271-DAD-GSA-PC<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER[1]**<br>**(ECF No. 27.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

Everett Holland ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case was initiated by a Complaint filed in Kern County Superior Court on September 29, 2015, case BCV-15-010047-DRL. On August 26, 2016, the case was removed to federal court pursuant to 28 U.S.C. § 1441(a) by defendants

---

[1] The findings and recommendations were amended to reflect that this case should be dismissed based on Plaintiff's failure to comply with a court order, not on Plaintiff's failure to state a claim. When a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint, a federal court may deem the dismissal to be for failure to comply with a court order. Fed. R. Civ. P. 41(b). Harris v. Mangum, 863 F.3d 1133 (9th Cir. 2017).

Sergeant R. Esmond, Associate Warden T. Haak, Correctional Officer (C/O) Hunley, C/O Maciejewski, and Associate Warden C. Schuyler. (ECF No. 1.)

On August 22, 2017, the court screened the Complaint under 28 U.S.C. § 1915A and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 13.) On November 20, 2017, Plaintiff filed the First Amended Complaint. (ECF No. 20.)

On February 12, 2018, the court screened the First Amended Complaint and entered findings and recommendations to dismiss the case, with prejudice, for failure to state a claim. (ECF No. 24.) On November 8, 2018, the district judge declined to adopt the findings and recommendations and referred the case back to the Magistrate Judge for further screening to assess whether Plaintiff has stated a retaliation claim and if not, whether Plaintiff should be granted further leave to amend to attempt to state such a claim. (ECF No. 26.)

On May 10, 2019, the court conducted a supplemental screening of the First Amended Complaint. (ECF No. 27.) The court found that Plaintiff failed to state a cognizable claim for retaliation and dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Id.) Plaintiff was granted thirty days in which to file a Second Amended Complaint curing the deficiencies found by the court. (Id.)

The thirty-day time period has expired, and Plaintiff has not filed a Second Amended Complaint or otherwise responded to the court's order. As a result there is no pleading on file which sets forth any claims upon which relief may be granted. The court should dismiss this case based on Plaintiff's failure to comply with the court's order.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this case be DISMISSED, based on Plaintiff's failure to comply with a court order; and
2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff

may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 9, 2019**         **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE